1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10   LAURA HERBERT-TORRES,
                                              NO. CIV. S-09-3495 KJM-CMK
11              Plaintiff,

12        v.

13   OROVILLE HOSPITAL; et al.,

14              Defendants.
     _____/
15
     LAURA HERBERT-TORRES,
16
                                              NO. CIV. S-11-1048 KJM-CMK
                Plaintiff,
17
          v.
18
     UNITED STATES OF AMERICA,                STATUS (PRETRIAL SCHEDULING)
19                                            ORDER
                Defendant.
20   _____/

21        An initial joint scheduling conference was held in these cases on June 1, 2011.  Steven

22   Schultz appeared for plaintiff; Donald Lounsbury and Philip Burney appeared for defendants

23   Oroville Hospital, David Hall, Doug Edgar, Mark Heinrich, and Ardauan Afrasiabi; Tahj Gomes

24   appeared for defendants Letner (erroneously sued as Letmer) and North State Imaging; and

25   Edward Olsen appeared on behalf of defendant United States.  Having reviewed the parties'

26   Joint Status Report filed on May 25, 2011, and discussed a schedule for the case with counsel at

27   the hearing, the court makes the following orders:

28   /////

1    I.    SERVICE OF PROCESS

2        All named defendants have been served and no further service is permitted without leave

3    of court, good cause having been shown.

4    II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

5        No further joinder of parties or amendments to pleadings is permitted without leave of

6    court, good cause having been shown.  *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth*

7    *Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

8    III.    JURISDICTION/VENUE

9        Jurisdiction is predicated upon 28 U.S.C. §§ 1346, 1441, and 1446.[1]  Jurisdiction and

10   venue are not disputed.

11   IV.    DISCOVERY

12       Initial disclosures shall be made within thirty (30) days of the entry of this order.  All

13   discovery shall be completed by **April 20, 2012**.  In this context, "completed" means that all

14   discovery shall have been conducted so that all depositions have been taken and any disputes

15   relative to discovery shall have been resolved by appropriate order if necessary and, where

16   discovery has been ordered, the order has been obeyed.  All motions to compel discovery must

17   be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

18   V.    DISCLOSURE OF EXPERT WITNESSES

19       All counsel are to designate in writing, file with the court, and serve upon all other

20   parties the name, address, and area of expertise of each expert that they propose to tender at trial

21   not later than **May 17, 2012**.  The designation shall be accompanied by a written report prepared

22   and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **June**

23   **14, 2012**, any party who previously disclosed expert witnesses may submit a supplemental list of

24   expert witnesses who will express an opinion on a subject covered by an expert designated by an

25   adverse party, if the party supplementing an expert witness designation has not previously

26

27       [1]  The parties also predicate jurisdiction on "U.S.C. Section[] 233(c)" and 42 U.S.C.
28   § 1395dd.  It is unclear to which statute the first reference is directed, or how either reference
     confers jurisdiction.

2

retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **September 13, 2012**.

VI.    <u>MOTION HEARING SCHEDULE</u>

Within sixty (60) days of the entry of this order, either plaintiff shall file a motion or the parties shall file a stipulation to consolidate the above-captioned cases.  All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications,

3

1  shall be heard <u>no later than</u> **November 14, 2012**. The parties may obtain available hearing dates

2  by calling Casey Schultz, the Courtroom Deputy, at (916) 930-4193.

3      All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230

4  governs the calendaring and procedures of civil motions with the following additions:

5      (a)    The opposition and reply must be filed by 4:00 p.m. on the day due; and

6      (b)    When the last day for filing an opposition brief falls on a legal holiday, the

7      opposition brief shall be filed on the last court day immediately preceding

8      the legal holiday.

9  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

10  the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,

11  652-53 (9th Cir. 1994).

12      The court places a page limit of twenty (20) pages on all moving papers, twenty (20)

13  pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must

14  be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the

15  motion.

16      The court requires the parties to submit a joint statement of undisputed facts in

17  connection with any motion for summary judgment.  If the nonmoving party refuses to confer

18  about or to join in the statement, the moving party may file a statement of undisputed facts and a

19  declaration explaining why the joint statement was not filed.  The court retains the discretion to

20  impose sanctions on any party who fails to participate in the creation and filing of a joint

21  statement of undisputed facts.

22      The parties are reminded that a motion *in limine* is a pretrial procedural device designed

23  to address the admissibility of evidence.  The court will look with disfavor upon dispositional

24  motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

25      <u>The parties are cautioned that failure to raise a dispositive legal issue that could have</u>

26  <u>been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date</u>

27  <u>may constitute waiver of such issue.</u>

28  /////

4

VII.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **January 16, 2013**, at 11:00 a.m.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall confer and  file a joint pretrial conference statement by **December 19, 2012**.  The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel shall submit to chambers the word processing version of the statement, in its entirety (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

The parties shall, in a concise manner, jointly identify only undisputed core facts separately that are relevant to each claim.  Disputed core facts should then be identified in the same manner.  The parties are reminded not to identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim.  Each disputed fact and undisputed fact should be separately numbered or lettered.  Where the parties are unable to agree what are the core disputed facts, they should nevertheless list core disputed facts in the above manner.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a party's motion *in limine*.

/////

1    Each party shall identify the points of law which concisely describe the legal issues of the

2    trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect

3    issues derived from the core undisputed and disputed facts.  Parties shall not include argument or

4    authorities with any point of law.

5    The parties shall prepare a joint statement of the case in plain concise language which

6    will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to

7    inform the jury what the case is about.

8    The parties are reminded that pursuant to Local Rule 281 they are required to attach to

9    the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they propose to

10   offer at trial.  After the name of each witness, each party shall provide a brief statement of the

11   nature of the testimony to be proffered.  The parties may file a joint list or each party may file

12   separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference

13   Statement itself, but shall be attached as separate documents to be used as addenda to the Final

14   Pretrial Order.

15   Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

16   alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

17   plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be

18   marked "AA-ZZ".  However, if the amount of  defendant exhibits exceeds "ZZ" exhibits shall be

19   then listed as A-3, A-4, A-5 etc.  All multi page exhibits shall be stapled or otherwise fastened

20   together and each page within the exhibit shall be numbered. The list of exhibits shall not

21   include excerpts of depositions, which may be used to impeach witnesses.  In the event that

22   plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to

23   by the designation the exhibit is first identified.  The court cautions the parties to pay attention to

24   this detail so that all concerned, including the jury, will not be confused by one exhibit being

25   identified with both a number and a letter.  The parties are encouraged to consult concerning

26   exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and

27   listed numerically, e.g., JX-1, JX-2.

28   /////

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2]  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

VIII.   TRIAL SETTING

The trial is set for **March 11, 2013** at 9:00 a.m.  Trial will be by jury.  The parties estimate a trial length of approximately fourteen (14) days.

IX.    SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date or referral to the court's Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.  The court

---

[2] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868-69 (9th Cir. 1985).

understands the parties believe that a court convened settlement procedure may be appropriate in **April 2012**.

X.     MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

XI.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED:  June 13, 2011.

_____

UNITED STATES DISTRICT JUDGE