1  BENJAMIN B. WAGNER
   United States Attorney
2  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2821
   Facsimile:  (916) 554-2900
5  Email: edward.olsen@usdoj.gov

6  Attorneys for the United States of America

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  LAURA HEBERT-TORRES,                    | CASE NO. 2:09-CV-03495 KJM CMK

11         Plaintiff,                        **STIPULATION AND  ORDER
                                             APPROVING COMPROMISE
12  v.                                       SETTLEMENT AND DISMISSING
                                             CLAIMS AGAINST THE UNITED
13  OROVILLE HOSPITAL, DAVID HALL,           STATES OF AMERICA WITH
    DOUG EDGAR, MARK T. HEINRICH,            PREJUDICE**
14  STEVEN A. GREENBERG, ARDUAN
    AFRASIABI, UNITED STATES OF
15  AMERICA,

16         Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1

2       IT IS HEREBY STIPULATED by and between Plaintiff Laura Hebert-Torres and the

3   United States of America, by and through their respective attorneys, as follows:

4       1.      Plaintiff Laura Hebert-Torres and Defendant United States of America do hereby agree

5   to settle and compromise the plaintiff's claims against the United States of America in the above-

6   entitled action and dismiss those claims with prejudice under the terms and conditions set forth herein.

7       2.      The United States of America agrees to pay to Plaintiff Laura Hebert-Torres the sum of

8   One Hundred and Seventy Thousand Dollars and no cents ($170,000.00), which sum shall be in full

9   settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever

10  kind and nature, arising from the subject matter that gave rise to the above-captioned lawsuit against

11  United States of America.

12

13      3.      Plaintiff hereby releases and discharges the United States of America and all of its

14  agencies, past and present officials, agents, employees, deemed employees (including Molly Amick

15  and Del Norte Clinics, Inc.), attorneys, insurers, their successors and assigns who treated and/or

16  diagnosed the plaintiff concerning her medical condition that gave rise to the above-captioned case,

17  from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any

18  kind and nature whatsoever, whether suspected or unsuspected, foreseen or unforeseen, known or

19  unknown, at law or in equity, arising out of the allegations set forth in Plaintiff's Complaint.

20      4.      This stipulation for compromise settlement is not, and is in no way intended to be, and

21  should not be construed as, an admission of liability or fault on the part of the United States of

22  America, or their past or present officials, agents, employees, deemed employees (including Molly

23  Amick and Del Norte Clinics, Inc.), attorneys, insurers, or servants, who treated and/or diagnosed the

24  plaintiff concerning her medical condition that gave rise to the above-captioned case, and it is

25  specifically denied that they are liable to Plaintiff.  This stipulation for compromise settlement is

26  entered into by the parties for the purpose of compromising disputed claims under the Federal Tort

27  Claims Act and avoiding the expenses and risks of litigation.

28

STIPULATION AND ORDER APPROVING
COMPROMISE SETTLEMENT AND DISMISSING CASE

5.      This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

6.      It is also agreed, by and among the parties, that the settlement amount of One Hundred and Seventy Thousand Dollars and no cents ($170,000.00) to Laura Hebert-Torres represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

7.      It is also understood by and among the parties that, pursuant to Title 28, the United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

8.      Payment of the settlement amount will be made by Electronic Funds Transfer as per the following:

A.      Name of Bank:          U.S. Bank

B.      Street Address of Bank:      2264 Fair Oaks Boulevard

C.      City, State and Zip Code:     Sacramento, CA 95825

D.      Routing Number:          121122676

E.      Name of Account:         The Law Office of Steven Schultz APC, Client Trust

F.      Account Number:          153498334868

9.       Plaintiff and her attorney are responsible for payment of any taxes that may be due on the settlement proceeds and the United States of America makes no representation as to any tax consequences or liabilities Plaintiff and her attorney may incur as a result of this settlement.  If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof.  Plaintiff will indemnify and hold harmless Defendant from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability he might incur from any government agency.

STIPULATION AND ORDER APPROVING
COMPROMISE SETTLEMENT AND DISMISSING CASE

10.     Plaintiff has been informed that payment may take ninety days or more to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

11.     The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court.  The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

12.     The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff having been apprised of the statutory language of California Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

13.     The parties agree that this Stipulation for Compromise Settlement and Dismissal, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

14.     This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

STIPULATION AND ORDER APPROVING
COMPROMISE SETTLEMENT AND DISMISSING CASE

15.     If any provision of this Agreement is determined to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Dated: September 18, 2012          */s/ Laura Hebert-Torres*   (original signature on file)
                                   LAURA HEBERT-TORRES
                                   Plaintiff


Dated: September 18, 2012          */s/ Steven H. Schultz*   (original signature on file)
                                   STEVEN H. SCHULTZ
                                   Law Office of Steven H. Schultz
                                   Attorney for Plaintiff


Dated:  September 18, 2012         BENJAMIN B. WAGNER
                                   United States Attorney


                                   */s/ Edward A. Olsen*
                                   EDWARD A. OLSEN
                                   Assistant United States Attorney

## ORDER

Pursuant to the terms of the parties' stipulation to a compromise settlement and pursuant to Fed. R. Civ. P. 41(a)(1), IT IS HEREBY ORDERED THAT any and all claims against the United States in the above-captioned case are dismissed with prejudice.

Dated:  October 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER APPROVING
COMPROMISE SETTLEMENT AND DISMISSING CASE